

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

February 25, 1972

Dr. J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas 78701

Opinion No. M-1074

Re: Use of public school facili-
ties by parochial school
students

Dear Dr. Edgar:

By letter you have requested our opinion in regard to the
above matter. We quote from your letter as follows:

"The playground and public junior high school
of an independent school district (Crosby Inde-
pendent School District - Harris County) is adjacent
to a church operated eight-grade parochial school
and its playground.

"For some years prior to the 1970-71 school
term, the church school (grades 7 and 8) pupils
came to said public school for physical education
(P.E.) classes and band practice. Normally, most
of the parochial pupils continue their education
in the public schools upon coming ninth graders.

"Pursuant to a court order (concerning inte-
gration), grades 7 and 8 pupils of the said public
school this year are being taught at another school
of the district located four miles from the parochial
school.

"Currently, permission is sought of the
local school board to continue to allow the parochial
school 7th and 8th graders to participate in the

-5260-

public school music (band) program. Now, the
district school board defers to decide thereon until
this Agency has submitted an opinion request and
answer is obtained from the Office of Attorney
General on the following inquiry:

"Legally, may a public school district of
Texas permit and admit children who are duly en-
rolled by parental choice in a parochial school
(and thus exempt from attendance in public school)
to participate regularly in a public school in-
struction program (band-music), pursuant to a
mutual arrangement between the schools?"

Subsequent to your letter, we have been advised by the
Superintendent of the Crosby School that there is no formal
agreement between the public and parochial school boards, and
that the public school deals with each individual student
(parochial) who wishes admission to the band classes at the
public school, and further that the individual student provides
his own transportation to the public school for the class in
question.

The board of trustees of an independent school district
"have the exclusive power to manage and govern the public free
schools of the district" and they "may adopt such rules and
regulations, and by-laws as they may deem proper" under Section
23.26, Texas Education Code.  They are required to administer
Sections 21.031, 21.032, and 21.033 of the Code concerning the
matters of admission of students, their compulsory attendance,
and the determination of which students fall within the classes
of children which are exempt from the requirements of compulsory
attendance.  In this connection, they are empowered to make rules
and regulations not inconsistent with the statutory provisions,
and they have the necessary implied power, in order to exercise
the authority granted, to enter into contracts governing the
terms and conditions for student admission and attendance in

the schools of the district.  While students attending a private
or parochial school, along with certain other classes of students,
are exempt from compulsory attendance, this fact alone does not
render them legally ineligible to attend the free public schools
pursuant to Section 21.031 and under such reasonable rules or
regulations consistent with statutory provisions as may be
promulgated by the school district.  Attorney General's Opinion
No. WW-994 (1961).  In the cited opinion, it was held that since
there was no restriction or limitation in the statutes as to
children _eligible_ for free public school attendance, a school
district has the general responsibility to educate, free of
tuition, even those children within the district residenced and
enrolled in private schools for exceptional children where it is
determined that enhancement of the children's progress will
result from public school attendance.  The school board may make
such rules and regulations as are necessary to maintain the
constitutionally required "efficient" system without discrimina-
tion or abuse of discretion.  _Wilson v. Abilene Independent School Dist_
190 S.W.2d 406 (Tex.Civ.App. 1945, error ref. w.m.); Article VII,
Constitution of Texas.

In carrying out its responsibility, a school district has
the necessary implied power to so contract.  It appears to be
well settled that a quasi public corporation, such as a school
district, has the power to enter into a contract where authorized
by necessary implication from the powers granted to it by statute.
Attorney General's Opinion Nos. M-1036 (1972) and V-1054 (1950).
See also _McCorkel v. District Trustees,_ 121 S.W.2d 1048, 1053
(Tex.Civ.App. 1938, no writ); _Crosby v. P.L. Marquess & Co.,_
226 S.W.2d 461 (Tex.Civ.App. 1950, error ref., n.r.e.).

Two principal issues remain for disposition.  The first is
the question of whether this arrangement would violate the First
Amendment to the United States Constitution, or Section 7 of
Article I of the Texas Constitution concerning the separation
of church and state.  Second is the issue of whether the use

of public school property by the individuals in question amounts to a gift or grant of public property for a private purpose prohibited by Section 51 or 52 of Article III of the Texas Constitution.

It is our opinion that, under the facts presented, there is no constitutional violation.

The issue of separation of church and state has recently been considered in a series of U.S. Supreme Court cases which are discussed in Attorney General's Opinion M-1036 (1972), to which reference is made for authorities there discussed.  In addition, the decisions have permitted the states to provide private or parochial schools with secular, neutral, or non-idiological services, facilities, or materials.  See P.O.A.U. v. Essex, 28 Ohio St.2d 79, 276 N.E.2d ____ (1971); Tilton v. Richardson, 403 U.S. 672 (1971), Board of Education v. Allen, 392 U.S. 236 (1968).  See also In re Legislature's Request For An Opinion, 180 N.W.2d 265 (Mich.Sup. 1970), writ dism. 401 U.S. 929, wherein the court found no constitutional violation under the Michigan Constitution, which reads identically to Article I, Section 7 of the Texas Constitution.

The tests (or questions) of church-state separation are four-fold (see page 6 of M-1036), but for purposes of this opinion, under the facts submitted, it is our opinion that there is no fostering or inhibiting of religion, or excessive entanglement of church-state relations under the facts presented.  Neither, in our opinion, is there a primary secular intent, but rather an intent to aid individual students in acquiring certain skills.

The second issue raised by this opinion request has also been considered in prior opinions of this office.  See M-861 (1971) and the opinions contained therein, and also the authorities above cited, wherein the particular measure under attack was upheld as being for a governmental public purpose as distinguished from a private or religious one.

Even though, as stated in your opinion request, the students in question are "exempt" from compulsory attendance in public school because they are parochial school students (Sec. 21.033, Texas Education Code), that factor alone is not conclusive on the question.

The thrust of Sections 51 and 52 of Article III of the Texas Constitution was to prevent the Legislature, and any public body acting pursuant to express or implied legislative power, from giving away public money or thing of value, for a private purpose. These sections were not intended to prevent public purpose projects, which incidentally may benefit some individual or group of individuals. See State v. City of Austin, 160 Tex. 348, 331 S.W.2d 737 (1960).

Under the facts submitted, it is our opinion the public school in question, by allowing the parochial school students to take certain lessons, as stated, would not be in violation of Section 51 or 52 of Article III of the Texas Constitution.

## S U M M A R Y

Under the facts submitted, the Crosby Independent School District may permit the parochial school students to receive band lessons at the public school, and such action by the school does not violate the First Amendment to the United States Constitution or Section 7 of Article I of the Texas Constitution or Sections 51 and 52 of Article III of the Texas Constitution.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Melvin Corley
Houghton Brownlee
Max Hamilton
Linward Shivers

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant